## SHIPMAN v. NEW YORK–PENNSYLVANIA REAL ESTATE ASSOCIATES.

(Supreme Court, Appellate Term.    May 27, 1912.)

BROKERS (§ 58*)—COMPENSATION—VALIDITY OF AGREEMENT.

A broker employed to effectuate an exchange of property was not entitled to recover commissions where no explicit and valid agreement for the exchange was ever entered into.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 90; Dec. Dig. § 58.*]

Appeal from City Court of New York, Trial Term.

Action by Joseph T. Shipman against the New York-Pennsylvania Real Estate Associates.    From a judgment in favor of plaintiff and from an order denying the defendant's motion for a new trial, it appeals.    Reversed, and new trial ordered.

Argued May Term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Albert L. Cohn, of New York City (William King Hall, of New York City, of counsel), for appellant.

John R. Jones, of New York City, for respondent.

SEABURY, J.    The plaintiff sues to recover for services alleged to have been rendered as a real estate broker, at the request of the defendant, in procuring for the defendant an exchange of property owned by it for other property owned by Brody, Adler & Koch.    The plaintiff claimed, and attempted to prove, that the agreement for the exchange of the property referred to was made with one Robertson. If we assume that Robertson was proved to be the duly authorized agent of the defendant, it is nevertheless clear that the minds of the parties never met upon an agreement of exchange.    According to the testimony of Brody, who was called on behalf of the plaintiff, Robertson "said that he had certain things to be first done before we could take title; that, before he could give the money on the contract, he would have to see whether or not he could get this mortgage divided.    He said there were certain things that he had to look into before he could do anything about it."    This was the last conversation that took place between the parties.    No contract or agreement of exchange was ever signed, nor was an exchange ever effected. In the absence of proof that the parties to the proposed exchange ever reached an agreement as to the terms and details incident to such an exchange, the plaintiff was not entitled to recover.    The plaintiff's right to commissions did not accrue until, as a result of the plaintiff's

*For other cases see same topic & §.NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

efforts, the parties agreed to an explicit and valid agreement of exchange.

It follows that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.